UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAINE MOSES #327019,

                Plaintiff,

v.

SHERMAN CAMPBELL,
C/O BREANNA GILSON, and
JOHN DOE,

                Defendants.

_____/

Case No. 20-cv-13366

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

**<u>OPINION AND ORDER</u>**
**<u>(1) ADOPTING MAGISTRATE JUDGE DAVID R. GRAND'S  MAY 25,</u>**
**<u>2022 REPORT AND RECOMMENDATION (ECF NO. 20);</u>**
**<u>(2) OVERRULING PLAINTIFF TREMAIN MOSES' OBJECTIONS</u>**
**<u>(ECF NO. 21);</u>**
**<u>(3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**
**<u>(ECF NO. 16);</u>**
**<u>(4) DISMISSING SUA SPONTE UNSERVED JOHN DOE DEFENDANT;</u>**
**<u>AND</u>**
**<u>(6) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE</u>**

On May 25, 2022, Magistrate Judge David R. Grand issued a Report and

Recommendation to grant Defendants' motion for summary judgment. (ECF No. 20,

Report and Recommendation.) On June 10, 2022, Plaintiff Tremaine Moses filed an

Objection to the Report and Recommendation. (ECF No. 21, Pl.'s Obj.) Defendants

did not file a response to that Objection. The Court does not believe that oral

argument will aid in its disposition of this objection and motion; therefore, it is

dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

The Court, having reviewed the record and conducting a *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the Report and Recommendation to which specific and timely objections have been filed, OVERRULES Plaintiff's Objections, ADOPTS Magistrate Judge Grand's May 25, 2022 Report and Recommendation, GRANTS Defendants' motion for summary judgment, sua sponte DISMISSES the unserved John Doe defendant, and DISMISSES this action WITHOUT PREJUDICE.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2020, Plaintiff Tremaine Moses, an inmate currently confined at the Michigan Department of Corrections ("MDOC") Gus Harrison Correctional Facility ("ARF") in Adrian, Michigan, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights based on ARF's alleged inadequate response to the COVID-19 pandemic. (ECF No. 1, Complaint.)

According to Plaintiff's Complaint, at the start of the COVID-19 pandemic in March 2020, ARF implemented safety protocols to prevent the spread of COVID-19. (*Id*., PageID.6.) But as "the months went on," "questionable things" began to take place that violated these safety protocols. (*Id*.) Moses claims that an inmate from a "quarantine unit with active COVID cases" was moved to his unit, and that

same inmate "tested positive" for the virus only "a few days later." (*Id*.) Moses further alleges that "officers who had worked in the quarantined housing units" began to work "overtime in units where there had been no prior cases," and officers were seen "without their mask on." (*Id*., PageID.7.) Moses contends that he was "unnecessarily exposed to COVID-19" while at ARF and that he "caught it due to staff irresponsibility and gross negligence," which harmed him both physically and emotionally, causing him to "wonder[] if [he] would die or not." (*Id*., PageID.8, 17.) Based on these allegations, Moses seeks monetary damages and any other appropriate relief. (*Id*., PageID.8.)

Moses admits in his Complaint that he did not file any grievances regarding his claims, asserting that the "Grievance Procedure states [that] if [an] issue affects multiple prisoners – or [a] large portion of [the] population – it's not grievable." (Compl., PageID.9-11.)

Defendants Sherman Campbell and Breanna Gilson filed a motion for summary judgment on the basis of exhaustion. (ECF No. 16, Defs.' Mot.)[1] Defendants argue that Moses failed to properly exhaust his administrative remedies before filing the instant lawsuit.

---

[1] The John Doe defendant has not been named or served.

Moses filed a response in opposition to Defendants' motion, arguing that the grievance process was unavailable to him because (1) his complaint concerns actions that "affected an entire housing unit," and thus any grievance would have been rejected pursuant to MDOC Policy Directive (PD) 03.02.130(J), which does not allow the filing of unified grievances by two or more prisoners; (2) ARF had a common practice of retaliation against those who file grievances; and (3) the novelty of the COVID-19 pandemic rendered the administrative remedies futile. (ECF No. 18.)

Defendants filed a reply brief in support of their motion for summary judgment. (ECF No. 19.) Defendants assert that Moses could have filed a grievance under the MDOC's policy regarding his personal experience, and that his unsupported allegations of retaliatory transfer and regarding the novelty of the COVID pandemic did not render the grievance process unavailable.

On May 25, 2022, Magistrate Judge Grand issued a Report and Recommendation to grant Defendants' motion for summary judgment on the basis of exhaustion. (ECF No. 20, Report and Recommendation.) Magistrate Judge Grand found that Moses had not raised a material question of fact as to whether the grievance process was "unavailable" to him such that his admitted failure to exhaust his administrative remedies should be excused.

Moses filed Objections to Magistrate Judge Grand's Report and Recommendation. (ECF No. 21, Pl.'s Obj.) Moses contends that the grievance procedure was effectively "unavailable" because ARF has a "common practice of retaliation" against persons who file grievances, his grievance would have been rejected pursuant to MDOC PD 03.02.130(J)(7), the novelty of the COVID-19 pandemic rendered the grievance policy futile and an inappropriate remedy, and that he was not required to file a grievance concerning issues that affect the entire unit.

Defendants did not file a response to Moses' objections.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented

is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## III.   ANALYSIS

The Report and Recommendation recommends dismissing Plaintiff Moses' claims for failure to exhaust administrative remedies. Before turning to the specific objections, the Court will briefly review the governing exhaustion rules.

### A.   The PLRA and MDOC PD 03.02.130

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on

6

the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (citation and internal quotation marks omitted).

Requiring exhaustion allows prison officials a chance to resolve disputes about the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement. *Id.*; *see also Woodford*, 548 U.S. at 97. Finding otherwise "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction." *Woodford*, 548 U.S. at 97.

MDOC Policy Directive (PD) 03.02.130 (effective March 18, 2019) sets forth the applicable grievance procedures for inmates in MDOC custody at the time relevant to this complaint. (ECF No. 16-2, MDOC PD 03.02.130.) Inmates must first attempt to informally resolve a grievable issue within two business days of becoming

aware of the issue, and then may file a Step I grievance about any unresolved issues with a grievance coordinator within five business days of the attempted informal resolution. (*Id.* at ¶¶ Q, W.) If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. (*Id.* at ¶¶ U, DD.) If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same procedure. (*Id.* at ¶¶ U, HH.) The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. (*Id.*)

## B. Whether Moses Properly Exhausted His Administrative Remedies Against Defendants Campbell and Gilson

In their motion for summary judgment, Defendants presented evidence that Moses, prior to initiating this action, did not pursue any grievance through Step III of the MDOC grievance process. In response to that motion, Moses does not dispute that he did not file *any* grievance, much less pursue a grievance related to his instant claims through Step III. He instead argues that the grievance process was "unavailable" to him because (1) his complaint concerns actions that "affected an entire housing unit," and thus any grievance would have been rejected pursuant to

MDOC PD 03.02.130(J), which does not allow the filing of unified grievances by two or more inmates; (2) ARF had a common practice of retaliation against those inmates who file grievances; and (3) the novelty of the COVID-19 pandemic rendered the administrative remedies futile.

The Magistrate Judge issued his Report and Recommendation to grant Defendants' summary judgment motion, finding that Moses failed to present a material question of fact as to whether the MDOC's three-step grievance process was unavailable to him such that his failure to exhaust his administrative remedies should be excused. Magistrate Judge Grand found that MDOC PD 03.02.130(J)(7) has no bearing on Moses' Eighth Amendment claims premised on his own injuries of "contracting coronavirus," and that paragraph (F) of the Policy required Moses to grieve this issue. The Magistrate Judge further found that Moses' vague allegations of retaliation do not excuse his failure to exhaust, and that his unsupported claim that the novelty of the COVID pandemic somehow rendered the grievance process futile fails.

Moses asserts five numbered objections to Magistrate Judge Grand's Report and Recommendation.

**Objection No. 1**

Moses argues in his first objection that the actions of correctional officers, including threats of intimidation, can constitute "special circumstances justifying

failure to exhaust, or failure to do so consistently with the grievance rules." (Pl.'s Obj., PageID.118-19.) Moses contends that he "has seen every prisoner who has grieved the failure of facility staff to comply with COVID protocols either placed in administrative segregation and then transferred or has just been transferred to facilities in or near upper Michigan away from their families and loved ones." (*Id.*) He then refers to a purported article regarding one specific prisoner, Quentin Jones, who claims he experienced retaliation for grieving and complaining about COVID protocols, and then was placed in segregation on December 11, 2020 and subsequently transferred to another facility on December 23, 2020. (*Id.*)

A prison grievance process is generally considered unavailable in three circumstances: (1) when prison officials are "consistently unwilling to provide any relief"; (2) when the grievance process is "so opaque" as to be "incapable of use"; and (3) when prison officials "thwart inmates from taking advantage of a grievance process." *Ratliff v. Graves*, 761 F. App'x 565, 567 (6th Cir. 2019) (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)).

In cases, such as this one, where a plaintiff claims that his efforts to exhaust were thwarted, the defendant must first show that the grievance process was generally available to the plaintiff. *Alexander v. Calzetta*, No. 2:16-CV-13293, 2018 WL 8345148, at *8 (E.D. Mich. Nov. 30, 2018), *report and recommendation adopted*, 2019 WL 1011106 (E.D. Mich. Mar. 4, 2019). Defendants have met that

10

burden here. Then, once this showing has been made, the burden of production shifts

to the plaintiff to produce evidence showing that he was thwarted in his attempts to

use the grievance procedures. *Id.* The process has been outlined as follows:

> [O]nce a defendant carries the burden of showing that there was a generally available administrative remedy, and that the prisoner did not exhaust that remedy, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward, with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.

*Id.* at *6 (internal quotation marks and citation omitted).

The Magistrate Judge found in his Report and Recommendation that while

Moses alleges that ARF has a "common practice of retaliation i.e. threat of

retaliatory transfer," he does not allege that he was ever actually threatened with any

form of retaliation, and that "nonspecific allegations of fear and subjective feelings

of futility will not excuse a failure to exhaust administrative remedies." (Report and

Recommendation, PageID.114, citing *Buffman v. United States*, No. 13-14024, 2015

WL 71840, at *8 (E.D. Mich. Jan. 6, 2015).)

In his objections, Moses fails to identify any errors in Magistrate Judge

Grand's analysis. Moses still fails to allege that he was actually threatened with any

form of retaliation and he fails to provide specific evidence or examples as to why

he would have feared retaliation at the time of the incidents giving rise to his claim

– between March and November 2020. *See Russell v. Berkshire*, No. 1:19-cv-1014,

11

2020 WL 7327577, at *4 (W.D. Mich. June 18, 2020) (finding plaintiff failed to show grievance process was unavailable when she only alleged that prison officials had a "custom" of declining to exercise their authority and that she "observed grievances being rejected," but she failed to articulate details or specifics regarding these allegations, or present evidence in support), *report and recommendation adopted*, 2020 WL 6498910 (W.D. Mich. Nov. 5, 2020); *Stevens v. Potila*, No. 14-cv-10863, 2015 WL 1245889, at *3 (E.D. Mich. Mar. 18, 2015) (finding plaintiff's argument that he did not use the grievance system because he was fearful of retaliation without merit because "[a] prisoner's subjective belief that the grievance process would be ineffective cannot excuse failure to exhaust the prison grievance procedure prior to filing suit") (citing *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011)).The one example Moses gives in his Objection – Quentin Jones's alleged complaints in December 2020 – did not occur until *after* Moses filed his Complaint in this case, and thus could not form a basis for his alleged fear of retaliation for filing a grievance between March and November 2020.

Accordingly, the Court finds that Moses' Objection No. 1 is without merit and it is overruled.

## **Objection No. 2**

Moses' second objection is related to his first. He contends, in response to the Magistrate Judge's statement that Moses does not allege that he was ever actually

threatened with any form of retaliation, that "each person that he personally knows that filed grievances concerning officer's [sic] not wearing mask[s] properly, or moving freely from quarantined areas to housing units with no COVID cases, they were transferred or placed in segregation and transferred." (Pl.'s Obj. PageID.119-20.)

Again, as with his first objection, Moses still fails to allege that he was actually threatened with any form of retaliation and he fails to provide specific evidence, beyond his unsupported and conclusory assertions, as to why he would have feared retaliation for filing a grievance. *See Stevens*, 2015 WL 1245889, at *3; *Buffman*, 2015 WL 71840, at *8 ("It is well established in this Circuit that nonspecific allegations of fear and subjective feelings of futility will not excuse a failure to exhaust administrative remedies."); *see also Cole v. Mauldin*, No. 14-11325, 2016 WL 4361476, at *1 (E.D. Mich. Aug. 16, 2016) (explaining that once defendant presented evidence regarding the existence of a valid grievance process, "Plaintiff was 'required to present significant probative evidence to defeat the motion for summary judgment on this ground.'") (citing *Napier*, 636 F.3d at 225)).

Accordingly, Moses' second objection is without merit and it is overruled.

## **Objection No. 3**

Moses argues in his third objection that the Magistrate Judge erred in finding that his grievance would not have been rejected pursuant to MDOC PD

03.02.130(J)(7), which does not allow "[t]wo or more prisoners [to] jointly file[] a single grievance regarding an issue of mutual impact or submit identical individual grievances regarding a given issue as an organized protest." (Pl.'s Obj., PageID.120-21.) (MDOC PD 03.02/130(J)(7), PageID.80.) Moses contends that he intended to file this complaint as a class action suit and that multiple prisoners had already filed grievances, and that he believes that his grievance "would have been rejected pursuant to MDOC Policy Directive 03.02.130(J)(7)." (Pl.'s Obj., PageID.120.)

The Magistrate Judge found that paragraph (J)(7) of the MDOC grievance policy "has no bearing on [Moses'] instant Eighth Amendment claims premised on his *own* injuries of 'contracting coronavirus' and the negative physical and mental effects he *personally* experienced as a result of Defendants' alleged actions," and that paragraph (F) of that grievance policy makes clear that Moses was required to grieve this issue "either concerning a violation of ARF's COVID-19 safety protocols or the dangerous prison conditions that resulted from a lack of sufficient safety measures that 'directly affect[ed]' him as a prisoner housed at ARF." (Report and Recommendation, PageID.113-14 (emphases in original).)

The Court finds that Moses fails to identify any error in the Magistrate Judge's analysis. Moses alleges in his Complaint: "*I* was unecessarily [sic] exposed to COVID-19. *I* caught it due to staff irresponsibility & gross negilence [sic]." (Compl., PageID.17 (emphases added).) He further alleges as injuries, "Injuries <u>contracting</u>

14

coronavirus unknown long term effect, damage to lungs. Psychological injury. Emotional damage – wondering if I would die or not." (*Id.* PageID.8.) Thus, a plain reading of Plaintiff's Complaint demonstrates that his Eighth Amendment claims are premised, at least in part, on his own injuries and experiences at ARF, which he would be required to grieve pursuant to MDOC PD 03.02.130(F). The exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Further, Moses' subjective belief that he was not required to file a grievance is insufficient to excuse the exhaustion requirement. It is true that a plaintiff need only exhaust such administrative remedies as are available. *See Ross*, 578 U.S. at 642 (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones"). While a prisoner need not exhaust unavailable remedies, he must use available grievance procedures even if he "believe[s] the procedure to be ineffectual or futile." *Napier*, 636 F.3d at 222 ("Faced with a policy that was not clearly unavailable, the only way to determine if the process was available, or futile, was to try.") (internal quotation marks omitted). This requirement "is a strong one." *Id.* As the Sixth Circuit Court of Appeals has explained, "to further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and

even where [the prisoners] believe the procedure to be ineffectual or futile...." *Id.* (internal citations and quotation marks omitted).

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See id.*; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Moses affirmatively pleads that he did not file a grievance regarding his allegations in the Complaint because he believed that the issue was not grievable. (Compl., PageID.10-11.) However, Moses could have submitted an individualized Step I grievance regarding his personal experiences (as he alleged in the Complaint), and the grievance process therefore was available and Moses was required to use available grievance procedures even if he "believe[s] the procedure to be ineffectual or futile." *See Napier*, 636 F.3d at 222 ("Faced with a policy that was not clearly

16

unavailable, the only way to determine if the process was available, or futile, was to try.") (internal quotation marks omitted). Moses was required to at least try. *See id.*[2]

For these reasons, Plaintiff's Objection No. 3 is without merit and is overruled.

## **Objection No. 4**

Moses argues in his fourth objection that the Magistrate Judge erred in finding that the MDOC grievance policy was sufficient to address Moses' issue regarding the COVID-19 virus. (Pl.'s Obj., PageID.121.) Moses contends that the novelty of the COVID-19 virus rendered the grievance policy futile.

The Magistrate Judge found that Moses "presented no argument, much less evidence, establishing that the MDOC's three-step grievance process was 'utterly incapable' of responding to his claims." (Report and Recommendation, PageID.114-15.) Moses fails to identify any specific error in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome. As the Magistrate Judge states,

---

[2] The Court notes that even if a grievance had been filed and rejected through Step III, the Court would have been able to examine whether that rejection was valid, and if the rejection was not supported upon review, the claims raised at Step I would be deemed exhausted. This is because the Court is not obligated to simply accept at face value an assertion that a particular grievance is improperly filed. *See, e.g., Williams v. Winn*, No. 18-11060, 2019 WL 2252012 at *6 (E.D. Mich. Feb. 27, 2019) ("The rejection of a grievance is not, however, the end of the analysis. It is appropriate for the Court to review the prison official's administration of the state grievance procedure."), *report and recommendation adopted*, 2019 WL 1417166 (E.D. Mich. Mar. 29, 2019).

Moses' own Complaint reflects that his decision not to file a grievance was based on his mistaken belief that the issue was not grievable due to paragraph J of the MDOC Policy, not because the grievance process was "utterly incapable" of responding to his claims regarding conditions he allegedly observed at the prison. Moses asserts in his Objection that "the grievance policy would not have served as an appropriate remedy for [his] concerns." (Pl.'s Obj., PageID.121.) As stated above, Moses was required to use available grievance procedures even if he "believe[s] the procedure to be ineffectual or futile." *See Napier*, 636 F.3d at 222 ("Faced with a policy that was not clearly unavailable, the only way to determine if the process was available, or futile, was to try.") (internal quotation marks omitted).

Accordingly, Moses's fourth objection is overruled.

**Objection No. 5**

Moses argues in his fifth objection that the Magistrate Judge erred in finding that Moses' alleged reporting of any issues to the housing unit representative does not excuse him from the MDOC Policy's requirement that he exhaust his claims through the Policy's three-step grievance process before filing the instant lawsuit. (Pl.'s Obj., PageID.121-22.)

MDOC PD 03.02.130 provides that "[g]rievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement that personally affect the grievant, including alleged violations of this policy and

18

related procedures," but a grievance shall be rejected if "[t]he prisoner is grieving the underline(content) of the policy or procedure except as it was specifically applied to the grievant. If a prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.105 'Prisoner Housing Unit Representatives/Warden's Forum.'" (MDOC PD 03.02.130(F), (J)(8), PageID.79-80.) Thus, MDOC PD 03.02.130 "mirrors the requirement in section 1983 that a plaintiff's personal rights be violated and not the rights of someone else." *Hudson v. Caruso*, No. 1:10-cv-58, 2011 WL 1042296, at \*7 (W.D. Mich. Jan. 24, 2011) (citations omitted), *report and recommendation adopted*, 2011 WL 1042286 (W.D. Mich. Mar. 18, 2011).

In his Complaint, Moses complains that he was unnecessarily exposed to COVID-19 and that he caught it due to staff irresponsibility and gross negligence, and that he suffered injuries including "contracting coronavirus, unknown long term effects, damage to lungs, psychological injury, emotional damage – wondering if I would die or not." (Compl., PageID.8, 17.) Moses therefore complains about the ARF's policy or procedure as it relates to COVID-19 as specifically applied to him, and thus, as the Magistrate Judge correctly found, Moses' alleged reporting of any issues to the housing unit representative does not excuse him from the Policy's requirement that he exhaust his claims through the MDOC's three-step grievance process before filing his instant lawsuit. *See Solano-Moreta v. Huss*, No. 2:18-CV-

111, 2019 WL 6344066, at *1 (W.D. Mich. Nov. 27, 2019) (rejecting plaintiff's argument that he did not have to file a grievance to exhaust his claims because he told the prison counselor to address his claims at a Warden's Forum meeting and the issue involves the entire prison population because there was nothing in the record to support the assertion that the entire prison population was concerned with the issue raised by the plaintiff, a grievance was not rejected as raising an issue concerning the entire prison population, and the plaintiff still needed to exhaust his claims against each defendant by filing an appropriate grievance); *Crane v. Smith*, No. 1:18-cv-227, 2019 WL 1177766, at *5 (W.D. Mich. Feb. 11, 2019) ("prisoners cannot avoid filing grievances under the guise that they are challenging the content of policies"), *report and recommendation adopted*, 2019 WL 1168113 (W.D. Mich. Mar. 13, 2019). Further, as explained above, Moses was required to use available grievance procedures even if he "believe[s] the procedure to be ineffectual or futile." *See Napier*, 636 F.3d at 222 ("Faced with a policy that was not clearly unavailable, the only way to determine if the process was available, or futile, was to try.") (internal quotation marks omitted).

Accordingly, Moses's fifth objection is overruled.

**C.** **The Exhaustion Defense Applies to the Unnamed, Unserved Doe Defendant**

One defendant – John Doe Housing Unit Officer – has not been identified or served with process. Moses makes the same allegations against this Doe defendant as he makes against the moving parties, Defendants Campbell and Gilson. As set forth in the Magistrate Judge's Report and Recommendation, and discussed herein, none of these allegations survive summary judgment because Moses admits that he did not file a written grievance, and accordingly he has failed to exhaust his administrative remedies. This exhaustion defense inures to the benefit of the unserved defendant. It would be futile and an uneconomical use of judicial resources to conduct further proceedings against the unserved Doe defendant. *See Martin v. Kazulkina*, No. 12-cv-14286, 2013 WL 3835197, at *1 (E.D. Mich. July 24, 2013) (granting summary judgment against unserved defendants where plaintiff makes the same allegations against all defendants (served and unserved) and the court has found that the allegations fail to state a claim as a matter of law); *Dean v. Prison Health Servs.*, No. 10-14135, 2011 WL 1630114, at *10 (E.D. Mich. Mar. 28, 2011) (dismissing unserved defendants because the exhaustion defense applies to all defendants), *report and recommendation adopted*, 2011 WL 1627336 (E.D. Mich. Apr. 28, 2011); *Monk v. Bailey*, No. 1:08-CV-903, 2010 WL 4962960, at *4 (W.D. Mich. Oct. 28, 2010) (dismissing six unserved "Doe" defendants who allegedly

denied plaintiff medical treatment where the plaintiff could not establish exhaustion as to any prison personnel), *report and recommendation adopted*, 2010 WL 4963013 (W.D. Mich. Dec. 1, 2013); *Bragg v. Corizon Corp.*, No. 1:12cv917, 2013 WL 3730093, at *5 (W.D. Mich. July 15, 2013) (finding that the defense of lack of exhaustion raised by the served defendants inures to the benefit of the unserved defendant).

Accordingly, Plaintiff's claims against the unserved John Doe Defendant are dismissed without prejudice for failure to exhaust administrative remedies.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

(1) **OVERRULES** Plaintiff's Objections (ECF No. 21);

(2) **ADOPTS** Magistrate Judge Grand's May 25, 2022 Report and Recommendation (ECF No. 20);

(3) **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 16);

(4) **DISMISSES** sua sponte the Doe Defendant who has not appeared; and

(5) **DISMISSES** this case **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

s/Paul D. Borman
Dated: July 18, 2022              Paul D. Borman
                                  United States District Judge